UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA S. BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br><br>        Defendant. | NO. CV 05-3515-CT<br><br>OPINION AND ORDER |

For the reasons set forth below, it is ordered that the opinion of the Commissioner of Social Security is AFFIRMED because it is supported by substantial evidence and is free from material legal error.

## SUMMARY OF PROCEEDINGS

On May 23, 2005, plaintiff, Linda Bryant ("plaintiff"), electronically filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On June 27, 2005, the parties filed a consent to proceed before the magistrate judge. On August 26, 2005, plaintiff filed her opening brief. On September 26, 2005, the Commissioner filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On September 12, 2002, the 35 year old plaintiff submitted an application for Supplemental Security Income ("SSI"), alleging disability since 1983 due to high blood pressure, hearing voices and hallucinations. (TR 41).[1] The application was denied initially and upon reconsideration. (TR 34).

On May 15, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 38). On July 20, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 264-81). The ALJ also considered vocational expert ("VE") testimony. On September 16, 2004, the ALJ issued a decision that despite depression and other marked mental limitations, plaintiff is not disabled, as defined by the Act, because there are significant numbers of jobs she can perform. Thus, the ALJ found plaintiff was not eligible for benefits. (TR 20-23). On October 18, 2004, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 13). On March 12, 2005, the request was denied. (TR 5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

1                       PLAINTIFF'S CONTENTION

2     Plaintiff contends the Commissioner erred in finding plaintiff
3 not credible because of a lack of continuous mental health care
4 treatment.

5                       STANDARD OF REVIEW

6     Under 42 U.S.C. §405(g), this court reviews the Commissioner's
7 decision to determine if: (1) the Commissioner's findings are
8 supported by substantial evidence; and, (2) the Commissioner used
9 proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir.
10 1996). Substantial evidence means "more than a mere scintilla,"
11 Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a
12 preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir.
13 1997).

14     When the evidence can reasonably support either affirming or
15 reversing the Commissioner's conclusion, however, the Court may not
16 substitute its judgment for that of the Commissioner. Flaten v.
17 Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.
18 1995).

19                            DISCUSSION

20     1.   The Sequential Evaluation

21     A person is "disabled" for the purpose of receiving social
22 security benefits if he or she is unable to "engage in any substantial
23 gainful activity by reason of any medically determinable physical or
24 mental impairment which can be expected to result in death or which
25 has lasted or can be expected to last for a continuous period of not
26 less than 12 months." 42 U.S.C. §423(d)(1)(A).

27

28

1    The Commissioner has established a five-step sequential
2 evaluation for determining whether a person is disabled.  First, it is
3 determined whether the person is engaged in "substantial gainful
4 activity."  If so, benefits are denied.
5    Second, if the person is not so engaged, it is determined whether
6 the person has a medically severe impairment or combination of
7 impairments.  If the person does not have a severe impairment or
8 combination of impairments, benefits are denied.
9    Third, if the person has a severe impairment, it is determined
10 whether the impairment meets or equals one of a number of "listed
11 impairments." If the impairment meets or equals a "listed impairment,"
12 the person is conclusively presumed to be disabled.
13    Fourth, if the impairment does not meet or equal a "listed
14 impairment," it is determined whether the impairment prevents the
15 person from performing past relevant work.  If the person can perform
16 past relevant work, benefits are denied.
17    Fifth, if the person cannot perform past relevant work, the
18 burden shifts to the Commissioner to show that the person is able to
19 perform other kinds of work.  The person is entitled to benefits only
20 if the person is unable to perform other work.  20 C.F.R. §416.920;
21 Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).
22    2.   Mental Impairment
23    Necessarily conceding that her mental health treatment has been
24 "sporadic at best", (Plaintiff's opening brief at 7), plaintiff argues
25 that the ALJ materially erred in finding her not credible because of a
26 lack of continuous mental health care treatment.

4

A mental impairment, such as depression or psychoneurosis, may constitute a disability within the meaning of the Act. See Briggs v. Sullivan, 954 F.2d 534, 535 (9th Cir. 1992). However, the mere presence of a mental impairment does not establish entitlement to benefits. In order for plaintiff to recover benefits, the evidence must establish that the impairment is accompanied by a physiological or functional loss establishing an inability to engage in substantial gainful activity. Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477-78 (9th Cir. 1989).

In this case, the ALJ **did** find that plaintiff is afflicted by depression and marked limitation in understanding, remembering and following complex instructions and in interacting with the public. He also found a moderate limitation in interacting with peers and supervisors. (TR 23). Notwithstanding these limitations, he found she was not disabled, as that term is defined by the Act, because she can perform substantial gainful activity as a nighttime janitor.

Relevant evidence includes an unexplained or inadequately explained failure to seek treatment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Thus, the ALJ properly considered plaintiff's treatment history.

Although the ALJ was entitled to consider, as a relevant factor, plaintiff's treatment or lack thereof (C.F.R. §419.929(c)(1), contrary to plaintiff's argument, the ALJ did **not** premise his conclusion solely on the fact that plaintiff failed to seek mental health treatment between 2000 and 2004. While he did consider her failure to seek treatment as a consideration in assessing her credibility, he stated that it "is difficult to assess whether

5

1  [plaintiff's] condition would have improved had she received some
2  treatment" and "taken prescribed medication", and concluded she had a
3  severe mental impairment with some marked limitations affecting her
4  ability to work.  The limitations adopted by the ALJ are consistent
5  with the limitations of the consultative examining psychiatrist, who
6  concluded on February 13, 2003 that she had a Global Assessment of
7  Functioning ("GAF") score of 60 and would be able to maintain
8  concentration and pace in doing simple work. (TR 22, 116-20).  The
9  ALJ even gave her the benefit of a GAF "similar" to 50 in assessing
10 limitations, discrediting other low GAF evaluations of record because
11 they were not signed by acceptable medical sources.[2]  (TR 20-21).
12 Based on the limitations found by the ALJ, the vocational expert
13 opined that plaintiff would be able to perform work as a nighttime
14 janitor.

15     The consultative psychiatrist observes that plaintiff reported a
16 history of drinking alcohol heavily, a history of six blackouts from
17 drinking and a history of alcohol withdrawal tremor.  Plaintiff
18 testified that she was drinking until about 3 ½ months before the
19 hearing and was not currently taking medication.  (TR 117, 268, 271).
20 The court observes that even assuming plaintiff is disabled, which the
21 court does not, to the extent alcoholism is a contributing factor
22 material to the determination of disability, she is not entitled to
23 benefits.  See 20 CFR section 404.1535(a).

---

[2] A GAF score between 41 and 50 indicates serious symptoms or any serious impairment in social or occupational functioning. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders p.32 (4th ed. 1994)

6

1                          CONCLUSION

2     Plaintiff clearly has a severe mental impairment. However, a
3 plaintiff who can still perform work in the national economy, even
4 with a severe impairment, is not disabled as that term is defined by
5 the Act. See generally Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th
6 Cir. 1991). Furthermore, if the evidence can reasonably support
7 either affirming or reversing the Commissioner's conclusion, the court
8 may not substitute its judgment for that of the Commissioner. Flaten
9 v. Secretary of Health and Human Services, 44 F.3d at 1457.
10     After careful consideration of the record as a whole, the
11 magistrate judge concludes that the Commissioner's decision is
12 supported by substantial evidence and is free from material legal
13 error. Accordingly, it is ordered that judgment is entered in favor
14 of defendant Commissioner of Social Security.
15 DATED: October 5, 2005

16                          / S /
                      CAROLYN TURCHIN
17                       UNITED STATES MAGISTRATE JUDGE

7